IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA

v.

JADEN JONATHAN BLAKE
a/k/a Jaden Johnathan Blake

NO. 1:26-CR-0024-H

## FACTUAL RESUME

In support of Jaden Jonathan Blake's plea of guilty to the offenses in Counts One through Eight of the Superseding Information, Blake, the defendant, David M. Guinn, Jr., the defendant's attorney, and the United States of America (the government) stipulate and agree to the following.

## ELEMENTS OF THE OFFENSE

To prove the offenses alleged in Counts One through Eight of the Superseding Information, charging violations of 18 U.S.C. § 2251(a), that is, Production of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*. That the defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct;

*Second*. That the defendant acted with the purpose of producing a visual depiction of such conduct; and

*Third*. That the visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by

[1] Fifth Circuit Pattern Jury Instruction 2.85 (5th Cir. 2024).

computer.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable handheld calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1. Jaden Jonathan Blake, also known as Jaden Johnathan Blake (Blake) admits and agrees that from January 1, 2025 to on or about March 25, 2026, in the Abilene Division of the Northern District of Texas, and elsewhere, he, the defendant, did employ, use, persuade, induce, coerce or entice "Child Victim 1," "Child Victim 2," "Child Victim 3," "Child Victim 4," "Child Victim 5," "Child Victim 6," "Child Victim 7," and "Child Victim 8," persons under the age of eighteen years, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, as described below, knowing or having reason to know that such visual depiction would be transported or transmitted in interstate or foreign commerce, or which visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce or in and affecting interstate and foreign commerce, or which visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means including by computer:

| Count | Visual Depiction |
|---|---|
| 1 | A video created on or about February 20, 2026, approximately 29 seconds in duration, of Child Victim 1 with her vagina and anus exposed. (…BA855.mov) |
| 2 | A video created on or about June 8, 2025, approximately 9 seconds in duration, of Child Victim 2 with her vagina and anus exposed. (2025-06-08-00-53-25.mp4) |

| | |
|---|---|
| 3 | A video created on or about June 20, 2025, approximately 10 seconds in duration, of Child Victim 3 with her vagina and anus exposed. (…IMG_5824.mov) |
| 4 | A video created on or about November 3, 2025, approximately 3 minutes and 45 seconds in duration, of Child Victim 4 inserting a comb into her vagina and anus. (…29975.mov) |
| 5 | A video created on or about November 10, 2025, approximately 30 seconds in duration, of Child Victim 5 with her vagina and anus exposed. (…E5456.mov) |
| 6 | A video created on or about January 23, 2026, approximately 13 seconds in duration, of Child Victim 6 with her vagina and anus exposed. (…DF881.mov) |
| 7 | A video created on or about February 8, 2026, approximately 13 seconds in duration, of Child Victim 7 with her vagina and anus exposed. (…F6A6C1.mov) |
| 8 | A video created on or about February 12, 2026, approximately 16 seconds in duration, of Child Victim 7 licking the anus of Child Victim 8. (…6C32D.mov) |

Each count in violation of Title 18, United States Code, Section 2251(a).

2. On March 2, 2026, a deputy with the Douglas County Sheriff's Office (DCSO) in Douglas County, Nebraska, responded to a call from a home in Bennington, Nebraska. The reporting party told the deputy that he had found multiple explicit videos

and photos of his 12-year-old daughter on the family iPad. The deputy asked the daughter, Child Victim 1 (CV1), if she had been sending messages, posting any photos, or if she was being forced to do anything. CV1 responded "no." CV1's father, worried about CV1, provided consent to search the family iPad.

3. On March 4, 2026, agents performed a forensic extraction of the iPad. Investigators located messages on the iPad that CV1 had received from a person, later confirmed to be Jaden Jonathan Blake. Blake had communicated with CV1 over the "iMessage" application on the iPad.

4. Blake claimed to CV1 that he was only 15-years old. Blake sent images of himself to CV1, including images that show him wearing a silver in color rope-style chain necklace, a blue 1995 Dallas Cowboys sweatshirt, and a purple long sleeve shirt with TCU print.

5. Blake used messages over the Internet to employ, use, persuade, induce, coerce and entice CV1 to engage in sexually explicit conduct, to video record that conduct, and to send him the videos. Agents found over 600 messages between the two parties between February 20, 2026, and February 23, 2026.

6. CV1 stated that she felt forced by him to take nude videos and images. CV1 stated she received messages from Blake asking her if she had a dog and telling her to get peanut butter, but she could not remember what happened after that.

7. In the messages, Blake demanded that CV1 provide photos and videos of a sexual nature. Examples of the messages exchanged appear below.

| | |
|---|---|
| CV1 | What do u want upper or lower |
| Blake | Both |
| Blake | in a video |

| | |
|---|---|
| Blake | do u have any pets |
| CV1 | Yeah |
| CV1 | Y |
| Blake | Hmmm |
| Blake | Idk how freaky are u |
| CV1 | Really |

| | |
|---|---|
| Blake | do you have peanut butter |
| CV1 | Yes |
| Blake | can you go show me that you have it |
| CV1 | It's downstairs just trust I do |
| Blake | you know what i want with that right |
| Blake | right? |

| | |
|---|---|
| Blake | about the dog |
| CV1 | Oh yeah sorry |
| Blake | You know what I want you to do with it right |
| CV1 | No |
| Blake | Guess |
| Blake | i asked if you like getting eaten out remember |

| | |
|---|---|
| CV1 | Stop texting me |
| CV1 | Never again I'm gonna get in trouble |
| Blake | bro I just showed you what YOU said [crying laughing emojis] |
| Blake | mmm well idk what i'm gonna do |
| Blake | with that vid i got |
| Blake | from u |
| Blake | Crazy |
| CV1 | I'm sorry I just don't want to get in more trouble maybe in a few years we can be a thing not right now are u cool with that please sent it or post please |
| CV1 | Don't send it I meant |

| | |
|---|---|
| Blake | Alright |
| CV1 | Thank you can u delete it |

| | |
|---|---|
| CV1 | I'll show you anything just forgive me |
| CV1 | I mean ANYTHING |
| Blake | even the dog? |
| CV1 | Not yet by my dad is up here later tho |
| CV1 | Anything else |
| Blake | How many siblings u got |

***Arrest of Blake and Search of Devices***

8. Agents applied for, and received, a federal arrest warrant for Blake and a search warrant for Blake's residence and devices. Blake lived in Taylor County, Texas, which is the Abilene Division of the Northern District of Texas. Agents found Blake's electronic devices in his vehicle in Taylor County, Texas, and his bedroom in Taylor County, Texas. Those devices include an Apple iPhone 14, Model 14,7 D27AP, serial number, D6F03XDYXC, an Apple iPad 5, Model A1823, serial number GCGVW2MDHLJL, an Apple iPad Pro 3, Model A2014, serial number DLXYW2KNKC5P, an Apple MacBook, Model A1932, serial number FVFYP1SYJK7G. Additionally, agents discovered the following articles of clothing in Blake's bedroom: a silver in color rope-style chain necklace, a blue 1995 Dallas Cowboys sweatshirt, and a purple long sleeve shirt with TCU print. The clothing matched the clothing Blake wore in the images he sent CV1 and other victims.

***Blake's Scheme to Coerce – His Method and Plan***

9. Agents discovered evidence on Blake's electronic devices that Blake used the Internet to coerce a significant number of female child victims from all across the

United States to produce sexually explicit images and videos. Blake implemented a similar plan or scheme with the child victims.

10. First, Blake used Internet chat applications, such as TikTok, Snapchat, and other social media applications, to "friend" children. Second, Blake commented on the children's posts or videos. The children's friend group saw Blake's comments on the posts or videos. Third, Blake targeted one of the children's friends for further communication. This "friend" of his "friend" became Blake's child victim. Once engaged with the child victim, Blake asserted he was 15 years old. His connections within the friend group gave the child victims confidence that Blake was also a minor and a "known" person in their friend group.

11. Once engaged one-on-one with the child victim, Blake groomed the child victim, eventually coercing the child victim to exchange nude videos. After the child victim sent Blake nude videos, Blake threatened to release or circulate the videos to the friend group. After threatening public release of the child's sexual images, Blake then coerced and induced the child victims to produce increasing graphic videos. At least one of Blake's child victims threatened suicide unless he stopped. Blake often paid child victims' through CashApp to continue producing sexually explicit videos. This "carrot and stick" approach led many child victims to continue to produce videos for Blake despite their pleas for him to stop.

12. Blake engaged with children across the United States in this manner. All of his victims, except for one toddler, were between 11 and 14 years old.

***Production of Child Pornography: Counts One through Eight***

13. Blake admits and agrees that he coerced the children to produce sexually explicit videos using the cellular phones and to send the videos to him over the Internet, which means the child pornography was transported and transmitted in interstate and foreign commerce, and produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

14. Blake admits and agrees that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 1," "Child Victim 2," "Child Victim 3," "Child Victim 4," "Child Victim 5," "Child Victim 6," "Child Victim 7," and "Child Victim 8," to produce videos of sexually explicit conduct.

15. Blake agrees and admits that Child Victims 1 through 8 are persons under the age of eighteen years.

16. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 1" to produce a video on or about February 20, 2026, that was approximately 29 seconds in duration, of Child Victim 1 with her vagina and anus exposed. (…BA855.mov)

17. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 2" to produce a video on or about June 8, 2025, that was approximately 9 seconds in duration, of Child Victim 2 with her vagina and anus exposed. (2025-06-08-00-53-25.mp4)

18. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 3" to produce a video on or about June 20, 2025, that was

approximately 10 seconds in duration, of Child Victim 3 with her vagina and anus exposed. (…IMG_5824.mov)

19. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 4" to produce a video on or about November 3, 2025, that was approximately 3 minutes and 45 seconds in duration, of Child Victim 4 inserting a comb into her vagina and anus. (…29975.mov)

20. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 5" to produce a video on or about November 10, 2025, that was approximately 30 seconds in duration, of Child Victim 5 with her vagina and anus exposed. (…E5456.mov)

21. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 6" to produce a video on or about January 23, 2026, that was approximately 13 seconds in duration, of Child Victim 6 with her vagina and anus exposed. (…DF881.mov)

22. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 7" to produce a video on or about February 8, 2026, that was approximately 13 seconds in duration, of Child Victim 7 with her vagina and anus exposed. (…F6A6C1.mov)

23. Blake agrees and admits that he did employ, use, persuade, induce, coerce, and entice, "Child Victim 7" to produce a video on or about February 12, 2026, that was approximately 16 seconds in duration, of Child Victim 7 licking the anus of Child Victim 8. (…6C32D.mov)

24. Blake admits and agrees that he committed the offenses of Production of Child Pornography in Count One through Count Eight. Blake admits that he associated himself with, and purposefully participated in, the criminal venture in Counts One through Eight by using the scheme and methods described herein.

25. Blake admits and agrees that he committed all the essential elements of the offenses in Counts One through Eight. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support Blake's guilty plea to Counts One through Eight of the Superseding Information.

AGREED TO AND STIPULATED on this 9th day of August, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

JADEN JONATHAN BLAKE
Defendant

MATTHEW L. TUSING
Assistant United States Attorney
Indiana State Bar No. 29526-49
500 Chestnut Street, Suite 601
Abilene, Texas 79602
Telephone: 325-271-6700
E-mail: matt.tusing@usdoj.gov

DAVID M. GUINN, JR.
Attorney for Defendant